**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRENDON LEE LANDS (#448561)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DR. TOLLIVER, ET AL.** | **NO. 11-0621-BAJ-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 5, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRENDON LEE LANDS (#448561)**　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**DR. TOLLIVER, ET AL.**　　　　　　　　　　　　　　　　　　　**NO. 11-0621-BAJ-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

　　　　The pro se plaintiff, an inmate incarcerated at Dixon Correctional institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Tarver, alleging that the defendant violated the plaintiff's constitutional rights in November and December, 2010, when the defendant exhibited deliberate indifference to the plaintiff's serious medical needs.[1]

　　　　Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra; Denton v. Hernandez, supra. Pleaded facts which are merely

---

　　　　[1] In his original Complaint, the plaintiff identified the defendant as "Dr. Tolliver". The plaintiff has since been allowed to amend his Complaint to properly identify the defendant.

improbable or strange, however, are not frivolous for purposes of § 1915(e).  Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.

In the instant case, the Court finds that the plaintiff has failed to allege a claim of constitutional dimension.  He alleges that on November 22, 2010, he requested medical attention, complaining that he was experiencing "double and blurred vision".  He was thereafter seen by an opthamologist at DCI who issued a referral for the plaintiff to be seen by an outside eye specialist.  The plaintiff complains, however, that despite this referral, he was not immediately transported to see a specialist, and it was not until more than a month later, on January 6, 2011, after he again sought medical attention, that he was provided with an emergency trip to the Earl K. Long Hospital ("EKL") in Baton Rouge, Louisiana.  According to the plaintiff, physicians at EKL found him to be experiencing "a major increase in ... interocular pressure" in his left eye, which resulted in his being prescribed eye drops and, ultimately, in his undergoing surgery to relieve this condition.

Initially, the Court notes that the plaintiff has failed to allege any direct participation by defendant Tarver in the events complained of.  In order to be liable under § 1983, a person must have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Any allegation that defendant Tarver is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.

In the instant case, the plaintiff has failed to sufficiently allege that defendant Tarver has

participated directly and personally in the plaintiff's medical care. The plaintiff does not allege that the defendant himself is an opthamologist, that the defendant personally examined the plaintiff in response to the plaintiff's complaint of November 22, 2010, or that the defendant made the referral for the plaintiff to be seen by an outside specialist. Accordingly, there is no suggestion in the record that Dr. Tarver was personally aware of the plaintiff's medical condition or had any knowledge regarding the severity thereof. To the contrary, all that the plaintiff states with regard to defendant Tarver is that this defendant "is responsible for making sure referrals are carried out." Even accepting this allegation as true, however, this is not sufficient to establish liability on the part of Dr. Tarver. Instead, as noted in the prison's response to the plaintiff's administrative grievance, a copy of which is attached the plaintiff's Complaint, the referenced referral did not call for emergency care, and in the absence of any suggestion that defendant Tarver was aware that the plaintiff faced a substantial risk of serious harm, the plaintiff's allegation that the defendant failed to ensure that the medical referral was immediately carried out sounds more in the nature of a claim of negligence which is not actionable under § 1983. See Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

Further, the Court fails to discern any factual basis for the plaintiff's claim that the defendant failed to provide appropriate medical care to the plaintiff between November 22, 2010 and January 6, 2011. In this regard, the law is well-settled that in order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that appropriate care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation which he believes he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra.

Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, supra. As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The deliberate indifference standard is high: the plaintiff must establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001). Further, a delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993).

In the instant case, the most which the plaintiff has alleged is that his referral for an outside eye examination at EKL was not immediately carried out. He does not allege, however, that his medical condition posed a substantial risk of serious harm or that he suffered any harm in fact as a result of the delayed treatment, much less substantial harm. See Mendoza v. Lynaugh, supra (requiring a showing of substantial harm in order to impose liability resulting from a delay in treatment). Nor does he allege that he declared himself to be a medical emergency or otherwise sought additional medical attention during the month of December, 2010, while he was awaiting his referral appointment. Thus, there is no basis for concluding (1) that any medical provider at DCI was personally and subjectively aware that the plaintiff faced a substantial risk of serious harm and (2) that the medical provider intentionally ignored that risk. Moreover, it should be recognized that prison officials may not be held accountable for unintentional delays in the provision of treatment by outside medical providers. See, Fuller v. Harris County, 294 Fed.Appx. 167 (5th Cir. 2008), cert. denied, ___ U.S. ___, 129 S.Ct. 1910, 173 L.Ed.2d 1062 (2009) (summary judgment granted to prison officials where evidence showed that delay in scheduling of surgery was not shown to have resulted from deliberate indifference or to have caused substantial harm). In the Court's view,

therefore, the plaintiff's assertions do not state a claim of deliberate indifference to a perceived substantial risk of serious harm to the plaintiff's health or safety. Instead, if anything, his allegations sound only in the nature of a claim of negligence and/or medical malpractice which is not actionable under § 1983. See Varnado v. Lynaugh, supra. Accordingly, the Court finds that the plaintiff's allegations fail to rise to the level of a constitutional violation and that the plaintiff's action should therefore be dismissed as legally frivolous.

## RECOMMENDATION

It is recommended that the plaintiff's Complaint be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed, without prejudice to any state law claims which the plaintiff may have.[2]

Signed in Baton Rouge, Louisiana, on October 5, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] Section 1915(g) of Title 28 provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."